# In the United States Court of Federal Claims

**OFFICE OF SPECIAL MASTERS**

(Filed: January 17, 2017)

No. 12-552V

* * * * * * * * * * * * *
JAVAD SAEID, *Legal representative Of a Minor Child, M.S.*

Petitioner,

v.

SECRETARY OF HEALTH AND HUMAN SERVICES,

Respondent.
* * * * * * * * * * * * *

UNPUBLISHED

Decision on Joint Stipulation; Transverse Myelitis ("TM"); Influenza ("Flu") Vaccine.

*Michael Adly Baselous*, San Antonio, TX, for petitioner.
*Glen Alexander MacLeod*., US Department of Justice, Washington, DC, for respondent.

**DECISION ON JOINT STIPULATION[1]**

**Roth**, Special Master:

On August 30, 2012, Javad Saeid ["petitioner"] filed a petition for compensation on behalf of her minor child M.S., under the National Vaccine Injury Compensation Program.[2]

[1] Because this unpublished decision contains a reasoned explanation for the action in this case, I intend to post this decision on the United States Court of Federal Claims' website, in accordance with the E-Government Act of 2002, Pub. L. No. 107-347, § 205, 116 Stat. 2899, 2913 (codified as amended at 44 U.S.C. § 3501 note (2012)). In accordance with Vaccine Rule 18(b), a party has 14 days to identify and move to delete medical or other information, that satisfies the criteria in 42 U.S.C. § 300aa-12(d)(4)(B). Further, consistent with the rule requirement, a motion for redaction must include a proposed redacted decision. If, upon review, I agree that the identified material fits within the requirements of that provision, I will delete such material from public access.

[2] National Childhood Vaccine Injury Act of 1986, Pub. L. No. 99-660, 100 Stat. 3755. Hereinafter, for ease of citation, all "§" references to the Vaccine Act will be to the pertinent subparagraph of 42 U.S.C. § 300aa (2012).

Petitioner alleges that M.S. developed transverse myelitis ("TM") and stroke as a result of the influenza ("flu") vaccine she received on August 31, 2009. *See* Stipulation, filed January 13, 2017, at ¶¶ 1-4. Respondent denies that the flu vaccine caused M.S.'s alleged TM and stroke, or any other injury, and further denies that her current disabilities are a sequela of a vaccine-related injury. Stipulation at ¶ 6.

Nevertheless, the parties have agreed to settle the case. On January 13, 2017, the parties filed a joint stipulation agreeing to settle this case and describing the settlement terms.

Respondent agrees to issue the following payments:

- **A lump sum of $104,585.02, which amount represents reimbursement of a lien for services provided to M.S., in the form of a check payable jointly to petitioner and**

  **TMHP/Medicaid**
  **Attn: Tort Receivables**
  **TPL/Tort Department**
  **PO Box 202948**
  **Austin, TX 78720-2948**

  Petitioner agrees to endorse this payment to the State of Texas; and

- **A lump sum of $250,000.00, which amount represents compensation for all remaining elements of damages available to petitioner** under 42 U.S.C. § 300aa-15(a), in the form of a check payable to petitioner as guardian/conservator of the estate of M.S., for the benefit of M.S. No payment shall be made until petitioner provides respondent with documentation establishing that she has been appointed as the guardian/conservator of M.S.'s estate.

I adopt the parties' stipulation attached hereto, and award compensation in the amount and on the terms set forth therein. The clerk of the court is directed to enter judgment in accordance with this decision.[3]

**IT IS SO ORDERED.**

**s/ Mindy Michaels Roth**
Mindy Michaels Roth
Special Master

---

[3] Pursuant to Vaccine Rule 11(a), entry of judgment can be expedited by each party filing a notice renouncing the right to seek review.

**IN THE UNITED STATES COURT OF FEDERAL CLAIMS**
OFFICE OF SPECIAL MASTERS

| | |
|---|---|
| **JAVAD SAEID, Legal representative of a Minor Child, M.S.,** Petitioner, | |
| *v.* | **No. 12-552V** SPECIAL MASTER MINDY MICHAELS ROTH |
| **SECRETARY OF HEALTH AND HUMAN SERVICES,** Respondent. | |

STIPULATION

The parties hereby stipulate to the following matters:

1. On behalf of her minor daughter, M.S., petitioner filed a petition for vaccine compensation under the National Vaccine Injury Compensation Program, 42 U.S.C. § 300aa-10 to 34 (the "Vaccine Program"). The petition seeks compensation for injuries allegedly related to M.S.'s receipt of the trivalent influenza ("flu") vaccine, which vaccine is contained in the Vaccine Injury Table (the "Table"), 42 C.F.R. § 100.3(a).

2. M.S. received the flu vaccine on or about August 31, 2009.

3. The vaccine was administered within the United States.

4. Petitioner alleges that M.S. suffered transverse myelitis ("TM") and stroke as a result of her flu immunization, and that she experienced the residual effects of this injury for more than six months.

5. Petitioner represents that there has been no prior award or settlement of a civil action for damages on behalf of M.S. as a result of her condition.

6. Respondent denies that the flu vaccine caused M.S.'s alleged TM, stroke, or any other injury, and further denies that her current disabilities are a sequela of a vaccine-related injury.

7. Maintaining their above-stated positions, the parties nevertheless now agree that the issues between them shall be settled and that a decision should be entered awarding the compensation described in paragraph 8 of this Stipulation.

8. As soon as practicable after an entry of judgment reflecting a decision consistent with the terms of this Stipulation, and after petitioner has filed an election to receive compensation pursuant to 42 U.S.C. § 300aa-21(a)(1), the Secretary of Health and Human Services will issue the following vaccine compensation payments:

a. A lump sum of $104,585.02, which amount represents reimbursement of a lien for services provided to M.S., in the form of a check payable jointly to petitioner and

TMHP/Medicaid
Attn: Tort Receivables
TPL/Tort Department
PO Box 202948
Austin, TX 78720-2948

Petitioner agrees to endorse this payment to the State of Texas; and

b. A lump sum of $250,000.00, which amount represents compensation for all remaining elements of damages available to petitioner under 42 U.S.C. § 300aa-15(a), in the form of a check payable to petitioner as guardian/conservator of the estate of M.S., for the benefit of M.S. No payment shall be made until petitioner provides respondent with documentation establishing that she has been appointed as the guardian/conservator of M.S.'s estate.

9. As soon as practicable after the entry of judgment on entitlement in this case, and after petitioner has filed both a proper and timely election to receive compensation pursuant to 42 U.S.C. § 300aa-21(a)(1), and an application, the parties will submit to further proceedings before the special master to award reasonable attorneys' fees and costs incurred in proceeding upon this petition.

10. Petitioner and her attorney represent that compensation to be provided pursuant to this Stipulation is not for any items or services for which the Program is not primarily liable under 42 U.S.C. § 300aa-15(g), including State compensation programs, insurance policies, Federal or State health benefits programs (other than Title XIX of the Social Security Act (42 U.S.C. § 1396 et seq.)), or entities that provide health services on a prepaid basis.

11. Payment made pursuant to paragraph 8 of this Stipulation and any amounts awarded pursuant to paragraph 9 will be made in accordance with 42 U.S.C. § 300aa-15(i), subject to the availability of sufficient statutory funds.

12. The parties and their attorneys further agree and stipulate that, except for any award for attorneys' fees and litigation costs, the money provided pursuant to this Stipulation will be used solely for the benefit of M.S. as contemplated by a strict construction of 42 U.S.C. §300aa-15(a) and (d), and subject to the conditions of 42 U.S.C. § 300aa-15(g) and (h).

13. Petitioner represents that she presently is, or within 90 days of the date of judgment will become, duly authorized to serve as guardian/conservator of M.S.'s estate under the laws of the State of Texas. No payments pursuant to this Stipulation shall be made until petitioner provides the Secretary with documentation establishing her appointment as guardian/conservator of M.S.'s estate. If petitioner is not authorized by a court of competent jurisdiction to serve as guardian/conservator of M.S.'s estate at the time a payment pursuant to this Stipulation is to be made, any such payment shall be paid to the party or parties appointed by a court of competent jurisdiction to serve as guardian/conservator of M.S.'s estate upon submission of written documentation of such appointment to the Secretary.

14. In return for the payments described in paragraphs 8 and 9, petitioner, in her individual capacity, and as legal representative of M.S., on her own behalf, and on behalf of M.S.

and M.S.'s heirs, executors, administrators, successors or assigns, does forever irrevocably and unconditionally release, acquit and discharge the United States and the Secretary of Health and Human Services from any and all actions or causes of action (including agreements, judgments, claims, damages, loss of services, expenses and all demands of whatever kind or nature) that have been brought, could have been brought, or could be timely brought in the United States Court of Federal Claims, under the National Vaccine Injury Compensation Program, 42 U.S.C. § 300aa-10 et seq., on account of, or in any way growing out of, any and all known or unknown, suspected or unsuspected personal injuries to or death of M.S. resulting from, or alleged to have resulted from, the flu vaccination administered on or about August 31, 2009, as alleged by petitioner in a petition for vaccine compensation filed on or about August 30, 2012, in the United States Court of Federal Claims as petition No. 12-552V.

15. If M.S. should die prior to entry of judgment, this agreement shall be voidable upon proper notice to the Court on behalf of either or both of the parties.

16. If the special master fails to issue a decision in complete conformity with the terms of this Stipulation or if the United States Court of Federal Claims fails to enter judgment in conformity with a decision that is in complete conformity with the terms of this Stipulation, then the parties' settlement and this Stipulation shall be voidable at the sole discretion of either party.

17. This Stipulation expresses a full and complete negotiated settlement of liability and damages claimed under the National Childhood Vaccine Injury Act of 1986, as amended, except as otherwise noted in paragraph 9 above. There is absolutely no agreement on the part of the parties hereto to make any payment or do any act or thing other than is herein expressly stated and clearly agreed to. The parties further agree and understand that the award described in this

Stipulation may reflect a compromise of the parties' respective positions as to liability and/or amount of damages, and further, that a change in the nature of the injury or condition or in the items of compensation sought, is not grounds to modify or revise this agreement.

18. This Stipulation shall not be construed as an admission by the United States or the Secretary of Health and Human Services that the flu vaccine caused M.S. to suffer TM, stroke or any other injury or condition.

19. All rights and obligations of petitioner hereunder shall apply equally to petitioner's heirs, executors, administrators, successors, and/or assigns, as legal representatives of M.S.

END OF STIPULATION

Respectfully submitted,

**PETITIONER:**

JAVAD SAEID

**ATTORNEY OF RECORD FOR PETITIONER:**

MICHAEL BASELUOS, ESQ.
MICHAEL BASELUOS LAW FIRM
202 East Park Ave
San Antonio, TX 78212
Tel: (210) 787 5993

**AUTHORIZED REPRESENTATIVE OF THE ATTORNEY GENERAL:**

CATHARINE E. REEVES
Acting Deputy Director
Torts Branch
Civil Division
U. S. Department of Justice
P. O. Box 146
Benjamin Franklin Station
Washington, D.C. 20044-0146

**AUTHORIZED REPRESENTATIVE OF THE SECRETARY OF HEALTH AND HUMAN SERVICES:**

NARAYAN NAIR, M.D.
Director, Division of Injury Compensation Programs
Healthcare Systems Bureau
Health Resources and Services Administration
U.S. Department of Health and Human Services
5600 Fishers Lane
Parklawn Building, Stop-08N146B
Rockville, MD 20857

**ATTORNEY OF RECORD FOR RESPONDENT:**

GLENN A. MACLEOD
Senior Trial Counsel
Torts Branch, Civil Division
U.S. Department of Justice
P.O. Box 146
Benjamin Franklin Station
Washington, D.C. 20044-0146
Tel: (202) 616-4122

Dated: 1/13/17