# In the United States Court of Federal Claims

## OFFICE OF SPECIAL MASTERS
### No. 12-552V
Filed: February 28, 2017

\* \* \* \* \* \* \* \* \* \* \* \* \*

JAVAD SAEID, *Legal Representative*      \*
of a Minor Child, M.S.      \*

     \*

        Petitioner,      \*

     \*

v.      \*

     \*

SECRETARY OF HEALTH      \*
AND HUMAN SERVICES,      \*

     \*

        Respondent.      \*

\* \* \* \* \* \* \* \* \* \* \* \* \*

UNPUBLISHED

Attorneys' Fees and Costs; Reasonable
Amount to Which Respondent Does
Not Object.

*Michael Adly Baseluos, San Antonio, TX, for petitioner.*
*Glen Alexander MacLeod, US Department of Justice, Washington, DC, for respondent.*

### DECISION ON ATTORNEYS' FEES AND COSTS[1]

**Roth**, Special Master:

On August 30, 2012, Javad Saeid ("petitioner") filed a petition for compensation on behalf of her minor child M.S., under the National Vaccine Injury Compensation Program.[2] Petitioner alleged that M.S. developed transverse myelitis ("TM") and a stroke as a result of the influenza ("flu") vaccine she received on August 31, 2009.  *See generally*, Petition ("Pet"), ECF No. 1.  Respondent denies that the influenza vaccine caused the alleged injuries.  *See* Stipulation at ¶ 6, ECF No. 71.  Nevertheless, the parties agreed to settle this case.  Respondent filed a

---

[1] Because this unpublished decision contains a reasoned explanation for the action in this case, the undersigned intends to post it on the United States Court of Federal Claims' website, in accordance with the E-Government Act of 2002. 44 U.S.C. § 3501 note (2012) (Federal Management and Promotion of Electronic Government Services).  In accordance with Vaccine Rule 18(b), petitioner has 14 days to identify and move to redact medical or other information, the disclosure of which would constitute an unwarranted invasion of privacy.  If, upon review, the undersigned agrees that the identified material fits within this definition, the undersigned will redact such material from public access.

[2] National Childhood Vaccine Injury Act of 1986, Pub. L. No. 99-660, 100 Stat. 3755. Hereinafter, for ease of citation, all "§" references to the Vaccine Act will be to the pertinent subparagraph of 42 U.S.C. § 300aa (2012).

Stipulation of Settlement on January 13, 2017.  Stipulation, ECF No. 71.  Accordingly, on January 17, 2017, the undersigned issued a decision approving the settlement.  Decision, ECF No. 72.

On January 27, 2017, petitioner filed a motion for attorneys' fees and costs.  Motion for Fees and Costs ("Motion for Fees"), ECF No. 77.  Petitioner requests attorneys' fees in the amount of $37,175.00, attorneys' costs in the amount of $35,840.30, and petitioner's out-of-pocket expenses in the amount of $4,350.00, for a total amount of $77,365.30.  In accordance with General Order #9, petitioner's counsel represents that petitioner incurred $4,350.00 in out-of-pocket expenses.  *Id*. at 1.  On February 13, 2017, respondent filed a response stating that respondent has no objection to Petitioner's Motion for Fees.  ECF No. 79.

After careful consideration, the undersigned has determined to grant the request in full for the reasons set forth below.

# I.  Applicable Law

The Vaccine Act allows Special Masters to award attorneys' fees and costs to a petitioner if the claim was brought in good faith and with "reasonable basis."  § 15(e).  Special masters have "wide discretion in determining the reasonableness" of attorneys' fees and costs.  *Perreira v. Sec'y of HHS*, 27 Fed. Cl. 29, 34 (1992), aff'd, 33 F.3d 1375 (Fed. Cir. 1994); *see also Saxton ex rel. Saxton v. Sec'y of HHS*, 3 F.3d 1517, 1519 (Fed. Cir. 1993) ("Vaccine program special masters are also entitled to use their prior experience in reviewing fee applications.").

When considering motions for attorneys' fees and costs, the Court employs the lodestar method to determine the amount of attorney compensation.  *Schueman v. Sec'y of HHS,* No. 04-693V, 2010 WL 3421956, at *3 (Fed. Cl. Spec. Mstr. Aug. 11, 2010); *see also Blanchard v. Bergeron,* 489 U.S. 87, 94 (1989) ("The initial estimate of a reasonable attorney's fee is properly calculated by multiplying the number of hours reasonably expended on the litigation times a reasonable hourly rate.") (internal citations omitted).  That said, a special master is not required to conduct a "line-by-line" analysis of a fee request.  *Broekelschen v. Sec'y of HHS*, 102 Fed. Cl. 719, 729 (2011).  While respondent does have the opportunity to object to a fee request, if no justification or specific objection is proffered, her "representation carries very little weight." *Reyes v. Sec'y of HHS*, No. 14-953V, 2016 WL 2979785, at *1 (Fed. Cl. Spec. Mstr. Apr. 27, 2016) (specifically when the attorneys of record supply detailed time sheets and present a *complete* case).

The *McCulloch* decision provides a framework for consideration of appropriate ranges for attorney's fees based on the experience of a practicing attorney.  *McCulloch v. Sec'y of HHS*, No. 09-293V, 2015 WL 5634323, at *19 (Fed. Cl. Spec. Mstr. Sept. 1, 2015) *motion for recons. denied*, 2015 WL 6181910 (Fed. Cl. Spec. Mstr. Sept. 21, 2015).  According to *McCulloch*, if an attorney has been practicing for 20 or more years, an appropriate range is approximately $350 to $425 per hour.  *Id.*  If an attorney has 11 to 19 years of experience, $300 to $375 is proper.  *Id.*

2

An appropriate range for an attorney with 8 to 10 years of experience would be $275 to $350. *Id.* For 4 to 7 years of experience, $225 to $300 is sufficient. *Id.* If an attorney has fewer than 4 years of experience, he/she should receive between $150 and $225. *Id.* Special Master Gowen specifically noted that "[t]he higher end of the range should be awarded to those with significant Vaccine Program experience who perform high quality legal work in vaccine cases." *Id.*

In determining an appropriate hourly rate, Special Master Gowen concluded that the following factors should be considered: (1) the prevailing rate for comparable legal work in the forum of Washington, D.C.; (2) the prevailing rate for cases in the Vaccine Program; (3) the attorney's experience in the Vaccine Program; (4) the attorney's overall legal experience; (5) the quality of the work performed in vaccine cases; and (6) reputation in the legal community and community at large. *Id*. at *17.

## II.  Discussion

### 1.   Attorneys' Fees

Petitioner has requested the following hourly rates for Mr. Baseluos: $225 for work performed from 2012 through 2014; $257 for 2015; $265 for 2016, and $275 for 2017.  There have been recent decisions granting Mr. Baseluos fees at the same hourly rates that petitioner has requested in the instant application.  *See Brown v. Sec'y of Health and Human Servs.*, No. 16-605V, 2016 WL 8258521, at *1 (Fed. Cl. Dec. 20, 2016); *Thompson v. Sec'y of Health & Human Servs.*, No. 13-005V, 2015 WL 5542520, at *1 (Fed. Cl. Aug. 11, 2015).  There have been no objections raised to the rates awarded in the foregoing decisions.  Based on Mr. Baseluos's eight years of experience in the Vaccine Program, I find that the requested hourly rates are reasonable.

### 2.   Attorneys' Costs

 The parties' stipulation expressly conditioned payment of the damages award on the creation of proper guardianship, and that requirement was incorporated into the Decision.  ECF No. 72.  It is reasonable for a petitioner to request reimbursement of guardianship costs when they are contemplated in advance as a condition of the damages payment.  Costs incurred in direct connection with the terms of a judgment can be reasonably construed as "proceedings on a petition" (Section 15(e)(1)) because they are only incurred as a condition of payment.  *See Gruber v. Sec'y of Health & Human Servs.*, 91 Fed. Cl. 773, 782 (2010).  Special masters have therefore awarded such costs where the guardianship is established as a condition of the settlement and/or judgment in the matter.  *See, e.g., Barrett v. Sec'y of Health & Human Servs.*, No. 09-389V, 2014 WL 2505689, at *5 (Fed. Cl. Spec. Mstr. May 13, 2014); *Torres v. Sec'y of Health & Human Servs.*, No. 09-867V, 2013 WL 2256136 (Fed. Cl. Spec. Mstr. Apr. 30, 2013).

While the total costs incurred in preparation of the guardianship exceed the amounts paid in recent decisions, based on the billing records submitted, I find that the work performed was

necessary and reasonable for the appointment of the guardianship.  *See Fischer v. Sec'y of Health & Human Servs.*, No. 11-202V, 2015 WL 4498811, at *1 (Fed. Cl. June 18, 2015).

### III.  Total Award Summary

In light of the foregoing, I find that counsel's request for attorneys' fees and costs is reasonable.  **According, the undersigned awards the total of $77,365.30[3] as follows:**

- **A lump sum of $73,015.30,** representing reimbursement for attorneys' fees and costs, **in the form of a check payable jointly to petitioner and petitioner's counsel, Michael Baseluos; and**

- **A lump sum of $4,350.00,** representing reimbursement for petitioner's costs, **in the form of a check payable to petitioner.**

The clerk of the court shall enter judgment in accordance herewith.[4]

**IT IS SO ORDERED.**

<u>**s/Mindy Michaels Roth**</u>
Mindy Michaels Roth
Special Master

---

[3] This amount is intended to cover all legal expenses incurred in this matter.  This award encompasses all charges by the attorney against a client, "advanced costs" as well as fees for legal services rendered.  Furthermore, § 15(e)(3) prevents an attorney from charging or collecting fees (including costs) that would be in addition to the amount awarded herein.  *See generally Beck v. Sec'y of Health & Human Servs.*, 924 F.2d 1029 (Fed. Cir.1991).

[4] Pursuant to Vaccine Rule 11(a), entry of judgment can be expedited by the parties' joint filing of notice renouncing the right to seek review.